# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAWAI'I ORCHID GROWERS ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1182 (RCL) |
| ) | |
| ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; ) | |
| MIKE JOHANNS, SECRETARY OF AGRICULTURE; ) | |
| W. RON DEHAVEN, ADMINISTRATOR, ANIMAL ) | |
| AND PLANT HEALTH INSPECTION SERVICE; ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR; ) | |
| GALE NORTON, SECRETARY OF THE INTERIOR; ) | |
| MATTHEW J. HOGAN, ACTING DIRECTOR, UNITED ) | |
| STATES FISH AND WILDLIFE SERVICE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## AMENDED COMPLAINT

Defendants hereby answer the Amended Complaint. The numbered paragraphs below

correspond with the numbered paragraphs in the Amended Complaint.

### Nature of the Action

1. The allegations of the first sentence of paragraph 1 purport to characterize plaintiff's

action, and therefore, no response is required. The allegations of the second sentence of

paragraph 1 purport to characterize plaintiff's action, to which no response is required, and a

final rule and Biological Evaluation, which speaks for themselves and are the best evidence of

their contents, and therefore, no response is required. Defendants admit the allegations of the

third sentence, but aver that "Quarantine 37" generally refers to 7 CFR § 319.37 through §

319.37-14. The allegations in the fourth, fifth, sixth, and seventh sentences of paragraph 1

purport to characterize plaintiff's action, to which no response is required.

Parties

2.  Defendants are without sufficient knowledge or information to admit or deny the allegations of the first, third, and fourth sentences of paragraph 2, and therefore deny them on that basis.  The allegations of sentences two, nine, twelve, seventeen, nineteen and twenty of paragraph 2 purport to characterize plaintiff's action, to which no response is required. Defendants deny the allegations of the fifth sentence of paragraph 2.  Defendants admit the allegations of sentences six, seven, eight, ten, thirteen, fourteen, sixteen and eighteen.  The allegations of the eleventh sentence of paragraph 2 purport to characterize a Biological Assessment and a Final Rule, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.  Defendants deny the allegations of the fifteenth sentence of paragraph 2 and aver that FWS concurred with a Biological Evaluation issued by APHIS that determined that the Final Rule would not adversely affect threatened or endangered species.

Jurisdiction and  Venue

3.  The allegations of the first sentence of paragraph 3 assert conclusions of law, to which no response is required.  The allegations of the second sentence purport to characterize plaintiff's action, to which no response is required.  The allegations of the third and fourth sentences of paragraph 3 purport to characterize the Court's ruling in Hawai'i Orchid Growers' Assoc. v. U.S. Dep't of Agriculture, Civ. No. 04-914 (D.D.C.), which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

4.  The allegations of paragraph 4 assert conclusions of law, to which no response is

required.

5. The allegations of paragraph 5 assert conclusions of law, to which no response is required.

6. As to the allegations of the first sentence of paragraph 6, defendants admit that plaintiff

sent a letter dated March 31, 2005 to Secretaries Norton and Johann, Acting Director Hogan, and Administrator DeHaven providing notice of Plaintiff's intent to bring a Civil Action under the Endangered Species Act ("ESA"). The remaining allegations of the first sentence purport to characterize the letter, which speaks for itself and is the best evidence of its contents, and asserts legal conclusions, to which no response is required. Defendants deny the allegations of the second sentence of paragraph 6.

Averments

Kahului Airport

7. The allegations in paragraph 7 purport to characterize a Biological Assessment prepared by the United States Department of Transportation and consultation done pursuant to the Endangered Species Act, which speaks for itself and is the best evidence of its contents, and therefore, no response is required. The allegations of paragraph 7 also assert legal conclusions, to which no response is required.

8. The allegations of paragraph 8 purport to characterize two Biological Assessments and

a paper, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.

3

9. The allegations of paragraph 9 purport to characterize a Biological Assessment, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

10. The allegations of paragraph 10 purport to characterize a paper and a Biological Assessment, which speaks for themselves and are the best evidence of their contents, and therefore, no response is required.

11. Defendants are without sufficient knowledge or information to admit or deny the allegations of the first sentence of paragraph 11. Defendants admit the allegations of the second and third sentences of paragraph 11. The remaining allegations of paragraph 11 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

12. The allegations of paragraph 12 purport to characterize a Biological Opinion, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

13. The allegations of the first, third, fourth, fifth, sixth, and seventh sentences of paragraph 13 purport to characterize a Memorandum Of Understanding (MOU) and its attachment, the Federal-State Alien Species Action Plan (ASAP), which speak for themselves and are the best evidence of their contents, and therefore, no response is required. Defendants admit the allegations of the second sentence of paragraph 13. Defendants deny the allegations of the eighth and ninth sentences of paragraph 13 and aver that the risk analyses conducted by APHIS are designed to assess the risk of introducing quarantine pests into the United States, but they do not focus on any single specific location.

14. The allegations of paragraph 14 purport to characterize regulations at Title 37, which speak for themselves and are the best evidence of their contents, and therefore, no response is

required.

15.  The allegations of the first sentence of paragraph 15 purport to characterize Title 5 of the United States Code and a proposed Rule, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.  Defendants deny the allegations of the second sentence of paragraph 15, and aver that in 1997, the Government of Taiwan requested APHIS to consider amending its regulations to allow importation of Phalaenopsis species orchid plants established in sphagnum moss approved by APHIS as a growing medium.  The allegations of the third sentence of paragraph 15 purport to characterize a Risk Assessment issued by APHIS, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.  The allegations of the fourth sentence of paragraph 15 purport to characterize a Proposed Rule, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

16.  The allegations of the first sentence of paragraph 16 purport to characterize an Initial Regulatory Flexibility Analysis and the requirements of 5 U.S.C. § 603, which speak for themselves and are the best evidence of their contents, and therefore, no response is required. The allegations of the second sentence of paragraph 16 purport to characterize the Proposed Rule and the regulations at 7 C.F.R. § 319.37-8(e), which speak for themselves and are the best evidence of their contents, and therefore, no response is required.

17.  Defendants admit the allegations of paragraph 17.

18.  Defendants deny the allegations of the first sentence of paragraph 18 and aver that APHIS initiated consultation pursuant to the ESA earlier than October, 2002.  Defendants deny the allegations of the second sentence of paragraph 18, and aver that by letter dated April 7,

5

2003, Fish and Wildlife Service concurred with a Biological Evaluation issued by APHIS, which speaks for itself and is the best evidence of its contents. and therefore, no response is required to the allegations characterizing that Biological Evaluation.  The allegations of the third and fourth sentences of paragraph 18 purport to characterize the record of ESA consultation in this case, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

19.  Defendants admit the allegations of the first sentence of paragraph 19.  Defendants deny the allegations of the second sentence of paragraph 19.

20.  Defendants deny the allegations of the first, second, and third sentences of paragraph 20.  The allegations of the fourth, fifth, and sixth sentences of paragraph 20 purport to characterize documents which speak for themselves and are the best evidence of their contents, and therefore, no response is required.

21.  The allegations of the first and second sentences of paragraph 21 purport to characterize the 1997 Risk Assessment and the 2003 Risk Analysis, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.  The allegations of the third sentence of paragraph 21 purport to characterize a paper issued by the U.S. Congress, Office of Technology Assessment.

22.  Defendants deny the allegations of the first sentence of paragraph 22.  Defendants deny the allegations of the second sentence of paragraph 22, and aver that while midges are small and mobile, inspectors are trained to detect pests at ports of entry.  The allegation that midges exhibit cryptic behavior is plaintiff's characterization, to which no response is required.

23.  The allegations of the first sentence of paragraph 23 purport to characterize a

publication in the Federal Register, which speaks for itself and is the best evidence of its

contents, and therefore, no response is required.  The allegations of the second sentence of

paragraph 23 purport to characterize information on a website, which speaks for itself and is the

best evidence of its contents, and therefore, no response is required.

24.  Defendants deny the allegations of paragraph 24.

25.   The allegations of the first sentence of paragraph 25 purport to characterize a

Federal Register Notice which speaks for itself and is the best evidence of its contents, and

therefore, no response is required.  Defendants deny the allegations of the second sentence of

paragraph 25.  Defendants admit the allegations of the third sentence of paragraph 25.  The

allegations of the fourth sentence of paragraph 25 purport to characterize an article in a journal,

which speaks for itself and is the best evidence of its contents, and therefore, no response is

required.  Defendants deny the allegations of the fifth sentence of paragraph 25.  Defendants

admit the allegations of the sixth sentence of paragraph 25.  The allegations of the seventh

sentence of paragraph 25 purport to characterize a web page which speaks for itself and is the

best evidence of its contents. Defendants deny the allegations of the eighth, tenth, eleventh, and

fifteenth sentences of paragraph 25.  Defendants admit the allegations of the fourteenth sentence,

and aver that as of 1997, there are no Culicoides in Hawaii, but aver that at least one earlier

reference indicates there were Culicoides in Hawaii at an earlier time.  As to the allegations of

the ninth sentence of paragraph 25, defendants admit the first phrase and the portion of the

second phrase that there are 1,400 species of Culicoides known worldwide, but are without

sufficient knowledge or information to admit or deny whether 96 percent of the Culicoides

species are obligate blood-suckers, and therefore deny the allegation on that basis.  Defendants

admit the allegations of the twelfth and sixteenth sentences of paragraph 25.  As to the

allegations of the thirteenth sentence of paragraph 25, defendants admit that <u>Culicoides</u> are

vectors of arboviruses, but deny that they are a vector of the West Nile Virus.

26.  Defendants admit the allegations of paragraph 26.

27.  Defendants admit the allegations of paragraph 27.

28.  Defendants admit the allegations of the first sentence of paragraph 28.  The

remaining allegations of paragraph 28 purport to characterize APHIS's Final Regulatory

Flexibility Analysis and the Final Rule, which speak for themselves and are the best evidence of

their contents, and therefore, no response is required.

29.  Defendants admit the allegations of paragraph 29.

30.  Defendants admit the allegations of the first and second sentences of paragraph 30.

The allegations of the third sentence of paragraph 30 purport to characterize scientific literature,

which speaks for itself and is the best evidence of its contents, and therefore, no response is

required.

<u>The Hawai'i Growers</u>

31.  Defendants are without sufficient information or knowledge to admit or deny the

allegation of the first and second sentences of paragraph 31, and therefore deny them on that

basis.  Defendants deny the allegation of the third sentence of paragraph 31, and aver that some

growers grow their own seedlings.  Defendants admit the allegations of the fourth sentence of

paragraph 31.  Defendants deny the allegations of the last sentence of paragraph 31.

32.  Defendants admit the allegations of the first sentence of paragrpah 32.  Defendants

deny the allegations of the second sentence, and aver that the figures depend on the species,

nursery location, and growing space. Defendants deny the allegations of the third sentence of paragraph 32. Defendants are without sufficient information or knowledge to admit or deny the allegations of the fourth and fifth sentences of paragraph 32. The allegations of the sixth and seventh sentences characterize comments submitted by plaintiff on the proposed rule, and referred to in APHIS's economic analysis, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.

33.  Defendants are without sufficient information to admit or deny the allegations in paragraph 33, and therefore deny them on that basis.

34.  Defendants admit the allegations of the first, fourth, and eighth sentences of paragraph 34. Defendants deny the allegations of the second sentence. Defendants are without sufficient information to admit or deny the allegations of the third sentence of paragraph 34, and therefore, deny them on that basis. Defendants admit the allegations of the fifth sentence of paragraph 34. Defendants admit the allegations of the sixth sentence, and aver that production occurs in other countries as well. Defendants deny the allegations of the seventh sentence, and aver that sales of other ornamental crops have also increased.

35.  As to the allegations of the first sentence, defendants are without knowledge or information as to where plaintiff resides, and therefore deny that allegation of the first sentence on that basis, but defendants admit that Hawaii is a tropical climate. Defendants are without information or knowledge to admit or deny the allegations of the second sentence of paragraph 35, and deny them on that basis. Defendants admit the allegations of the third sentence of paragraph 35. Defendants deny the allegations of the fourth sentence of paragraph 35. Defendants are without information or knowledge to admit or deny the allegations of the fifth

and sixth sentences of paragraph 35, and deny them on that basis. Defendants deny the allegations of seventh sentence of paragraph 35.

36. Defendants deny the allegations of the first sentence of paragraph 36, and aver that <u>Forcipoymia taiwana</u>, or "little King Kong," exists in Taiwan, according to certain documents referred to by plaintiff. Defendants deny the allegations of the second sentence of paragraph 36.

37. Defendants are without sufficient information or knowledge to admit or deny the allegations of the first, third, and fourth sentences of paragraph 37, and the allegation in the second sentence that plaintiff has enjoyed a business advantage from domestic sales of mature potted <u>Phalaenopsis</u> plants, and therefore deny the allegations on that basis. The remaining allegations in the second sentence of paragraph 37 purport to characterize APHIS's Economic Analysis, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

38. The allegations of the first and third sentences of paragraph 38 purport to characterize APHIS's Final Rule, its Biological Evaluation, and the record of its ESA consultation with the FWS, which speak for themselves and are the best evidence of their contents, and therefore, no response is required. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of the first sentence, and therefore, deny them on that basis. Defendants deny the allegations of the second sentence,.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40, and aver that the Court's ruling in <u>Hawaiian Orchid Grower's Ass'n v. APHIS</u>, Civ. No. 04-914 (D.D.C.) speaks for itself and is

the best evidence of its contents, and therefore, no response is required.

41.  Defendants deny the allegations of paragraph 41.

Endangered Species.

42.  The allegations of the first sentence of paragraph 42 purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.  The allegations of the second sentence of paragraph 42 purport to characterize the regulations implementing the ESA, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.

43.  The allegations of paragraph 43 purport to characterize a letter from the FWS, sent after APHIS initiated consultation, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

44.  The allegations of paragraph 44 purport to characterize minutes of meetings held April 2 and 3, 2003, which speaks for themselves and are the best evidence of their contents, and therefore, no response is required.

45.   The allegations of paragraph 45 purport to characterize minutes of meetings held April 2 and 3, 2003, which speak for themselves and are the best evidence of their contents, and therefore, no response is required

46.  Defendants deny the allegations of paragraph 46.

47.  The allegations of the first sentence of paragraph 47 purport to characterize the Risk Assessment prepared by APHIS, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.  The allegations of the second and third sentences of paragraph 47 purport to characterize comment letters, which speak for themselves and are the

best evidence of their contents, and therefore, no response is required.  As to the allegations of

the fourth sentence, defendants are without sufficient information or knowledge to admit or deny

whether APHIS intercepted pests other than quarantine pests, and defendants aver that APHIS

did not intercept any quarantine pests in 1993 with respect to the imports into Hawaii in 1993,

which plaintiff references in this sentence.  As to the remaining allegations of the fourth

sentence, defendants are without sufficient information or knowledge to admit or deny whether

the State of Hawaii intercepted pests during this import referenced by plaintiff, and therefore

deny the allegations on that basis, but defendants aver that the State of Hawaii submitted

comments to the rule which stated that it had intercepted pests in 1993, but defendants further

aver that none of the pests identified by the State of Hawaii were quarantine pests.  Defendants

are without sufficient information or knowledge to admit or deny the allegations of the fifth

sentence of paragraph 47, and therefore deny them on that basis.

 48.  Defendants deny the allegations in paragraph 48.

<u>Ants</u>

 49.  As to the allegations of the first sentence of paragraph 49, defendants are without

sufficient information or knowledge to admit or deny whether the Hawaii Ant Group is a

comprehensive cooperative Federal/State committee responsible for developing a strategy to

protect the State of Hawaii from exotic ant introductions, and therefore deny the allegations on

that basis.  The remaining allegations of the first sentence of paragraph 49 purport to characterize

a document titled "Request and Analysis to change the Quarantine Action Policy for Ants

moving into, or through, the State of Hawaii," which speaks for itself and is the best evidence of

its contents, and therefore, no response is required.  Defendants are without sufficient

information or knowledge to admit or deny the allegations of the second sentence of paragraph 49, and therefore deny them on that basis. To the extent the allegations in the second sentence purport to characterize the contents of Attachment 4 to the Amended Complaint, that document speaks for itself and is the best evidence of its contents, and therefore, no response is required.

50. Defendants admit the allegations of paragraph 50.

51. The allegations of paragraph 51 purport to characterize the paper "Request and Analysis to change the Quarantine Action Policy for Ants moving into, or through, the State of Hawaii," which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

52-54. The allegations of paragraphs 52-54 purport to characterize a paper titled "Request and Analysis to change the Quarantine Action Policy for Ants moving into, or through, the State of Hawaii," which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

55. Defendants admit the allegations of the first and third sentences of paragraph 55. The allegations of the second sentence of paragraph 55 purport to characterize a paper, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

56. The allegations of paragraph 56 purport to characterize a documents issued by APHIS and the Congressional Office of Technology, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.

Count I

57. Defendants incorporate and re-allege paragraph numbers 1-56 set forth above.

58. Defendants deny the allegations of paragraph 58, and aver that APHIS provided

13

FWS

the legally requisite information during the consultation.

59.  The allegations of paragraph 59 purport to characterize an "honesty oath," and ESA
regulations, which speak for themselves and are the best evidence of their contents, and
therefore, no response is required.

60.  The allegations of the first, second, and third sentences of paragraph 60 purport to
characterize a published legal opinion which speaks for itself and is the best evidence of its
contents, and therefore, no response is required.  Defendants deny the allegations of the fourth
sentence of paragraph 60.

61.  Defendants deny the allegations of the first, fourth, and fifth sentences of paragraph
61.  The allegations of the second sentence of paragraph 61 purport to characterize the Final
Rule, which speaks for itself and is the best evidence of its contents, and therefore, no response
is required.  The allegations of the third sentence of paragraph 61 purport to characterize
APHIS's "Policy Change" on ants, which speaks for itself and is the best evidence of its
contents, and therefore, no response is required.

62.  Defendants incorporate and re-allege paragraphs 1-61 above.

63.  Defendants deny the allegations of the first sentence of paragraph 63.  The
allegations of the second and third sentences of paragraph 63 purport to characterize unidentified
scientific studies, which speak for themselves and are the best evidence of their contents, and
therefore, no response is required.  Defendants deny the allegations of the fourth, fifth, and sixth
sentences of paragraph 63.

64.  The allegations of the first sentence of paragraph 64 purport to characterize the

14

record of FWS's consultation with APHIS, which speaks for itself and is the best evidence of its contents, and therefore, no response is required. The allegations of the second sentence of paragraph 64 purport to characterize a July 23, 1997 Biological Opinion prepared by FWS, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

65. The allegations of the first sentence of paragraph 65 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents, and therefore, no response is required. The allegations of the second sentence of paragraph 65 purport to characterize the Endangered Species Act, 16 U.S.C. § 1532(19) which speaks for itself and is the best evidence of its contents, and therefore, no response is required. The allegations of the third and fourth sentences of paragraph 65 purport to assert legal conclusions, to which no response is required. Defendants deny the allegations of the fifth sentence of paragraph 65.

66. Defendants deny the allegations of the first and third sentences of paragraph 66. The allegations of the third sentence of paragraph 66 purport to characterize the contents of the record regarding FWS's consultation with APHIS, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

Count III

67. Defendants incorporate and re-allege paragraphs 1-66 set forth above.

68. The allegations of the first sentence of paragraph 68 purport to characterize various unidentified scientific studies, a Biological Opinion, and the Final Rule, which speak for themselves and are the best evidence of their contents, and therefore, no response is required. The allegations of the second sentence of paragraph 68 purport to characterize the record of

15

FWS's consultation with APHIS on its Final Rule, which speaks for itself and is the best evidence of its contents, and therefore, no response is required.

69.  The allegations of paragraph 69 purport to characterize the Endangered Species Act and cited caselaw, which speak for themselves and are the best evidence of their contents, and therefore, no response is required.

70.  Defendants deny the allegations of paragraph 70.

Count IV

71.  Defendants incorporate and re-allege paragraphs 1-70 set forth above.

72.  Defendants deny the allegations in the first and fourth sentences of paragraph 72. The allegations of the second sentence of paragraph 72 purport to characterize a Memorandum of Understanding that speaks for itself and is the best evidence of its contents, and therefore, no response is required.  The allegations of the third sentence of paragraph 72 purport to characterize an Action Plan that speaks for itself and is the best evidence of its contents, and therefore, no response is required.

73.  Defendants deny the allegations of paragraph 73.

**PLAINTIFF'S REQUEST FOR RELIEF**

The remaining allegations of the Amended  Complaint constitute plaintiff's request for relief, to which no response is required.

**GENERAL DENIAL**

Defendants deny every allegation of the Amended Complaint which is not expressly admitted or otherwise herein addressed.

**OTHER DEFENSES**

16

1.  This Court lacks subject matter jurisdiction over at least some of the counts in the

Amended Complaint.

2.  Plaintiff lacks standing.

3.  Plaintiff fails to state a claim upon which relief may be granted.

**DEFENDANTS' REQUEST FOR RELIEF**

Defendants respectfully request that the Court grant defendants the following relief:

1.  Enter judgment in favor of defendants, and against plaintiff, and dismiss this action,

and

2.  Any further and other relief that the Court may deem appropriate.

Dated: September 2, 2005                          Respectfully submitted,

                                                  KELLY A. JOHNSON
                                                  Acting Assistant Attorney General
                                                  Environment & Natural Resources Division
                                                  United States Department of Justice

                                                  _____/s/_____
                                                  DONNA S. FITZGERALD
                                                  Connecticut Bar #411810
                                                  Trial Attorney
                                                  General Litigation Section
                                                  Environment & Natural Resources Division
                                                  United States Department of Justice
                                                  P.O. Box 663
                                                  Washington D.C. 20044-0663
                                                  Phone:  (202) 305-0476
                                                  Fax: (202) 305-0506
                                                  E-mail: Donna.Fitzgerald@usdoj.gov

OF COUNSEL:

Darlene Bolinger
Attorney Advisor General
Regulatory Division
Office of the General Counsel

United States Department of Agriculture
Rm 2319 South Building
1400 Independence Ave., SW
Washington, DC 20250-1400


Peg Romanik, Attorney
Office of the Solicitor
Division of Parks & Wildlife
United States Department of the Interior
1849 C. St., N.W., MS 6557
Washington D.C. 20240

ATTORNEYS FOR DEFENDANTS