# United States District Court
# For the District of Columbia

|  |  |  |
|---|---|---|
| HAWAI`I ORCHID GROWERS ASSOCIATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-1182 (RCL) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) ) | |
| and | ) ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) ) | |
| Defendants. | ) | |

## SCHEDULING REPORT

Plaintiffs file this Scheduling Report in compliance with the Court's Order of Tuesday, September 6th, 2005. Defendants contend that this case is exempt from the filing of this report, as it is a case based on review of the administrative record.

LCvR16.3(b)(1). Nevertheless, plaintiff intends to file a report, so defendants have prepared their own portion of it.

PLAINTIFF'S CONTENTIONS:

On Monday, June 13th, 2005 Plaintiffs filed a Civil Action against the United States Department of Agriculture and against the United States Department of the Interior seeking declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and under the Endangered Species Act, 16 U.S.C. § 1531 *et seq*. On Friday, June 24th, 2005 Plaintiffs filed an Amended Complaint.

This Civil Action arises from a now Final Rule published Wednesday, May 5th, 2004, and from the Biological Opinion of the Animal and Plant Health Inspection Service, United States Department of Agriculture that preceded this Final Rule. This Final Rule allows importation of an additional taxon of plants, epiphytic orchids of the genus *Phalaenopsis* (moth orchids) from Taiwan established in a growing medium. Prior to June 4th, 2004 such importations were allowed only for bare-rooted *Phalaenopsis* spp. orchid plants.

Plaintiffs here assert that the Final Rule will impact Hawai`i's unique ecology and Federally-listed or proposed Endangered or Threatened Species or their habitats

through the certain invasion of Hawai`i by alien species from Taiwan, *viz.* alien species contained in the pots in which mature *Phalaenopsis* spp. orchid plants will enter Hawai`i from Taiwan. Likewise Plaintiffs assert that the adoption of the Final Rule is a breach of obligations of the United States Department of Agriculture and obligations of the United States Department of the Interior under the Kahului Airport Memorandum of Understanding and under the Federal-State Alien Species Action Plan for the Kahului Airport, Maui, Hawai`i.

Plaintiffs seek a declaration that the Final Rule and the Biological Opinion which preceded it are arbitrary, capricious, an abuse of discretion, and unlawful, and amount to an unlawful "Taking" of Hawai`i's Federally-listed or proposed Endangered or Threatened Species or their habitats. Plaintiffs seek a declaration that the United States Department of Agriculture and the United States Department of the Interior are in breach of the Kahului Airport Memorandum of Understanding and the Federal-State Alien Species Action Plan for the Kahului Airport, Maui, Hawai`i. Plaintiffs seek a Permanent Injunction ordering rescission of the Final Rule.

This Court previously considered this Final Rule in *Hawai`i Orchid Growers Assoc. v. U.S. Department of Agriculture, et al.*, 2005 U.S. Dist. LEXIS 4548 (D.D.C.

2005). This Court there dismissed for want of jurisdiction the Endangered Species Act claims that are the subject of this Civil Action. *Id.*, 2005 U.S. Dist. LEXIS 4548, *8. And this Court there denied a challenge by the United States Department of Agriculture to Plaintiffs' standing. *Id.*, 2005 U.S. Dist. LEXIS 4548, *8-*16. Plaintiffs' claims concerning the Kahului Airport Memorandum of Understanding and the Federal-State Alien Species Action Plan for the Kahului Airport, Maui, Hawai`i are newly-filed with this Civil Action.

Defendants' response to the Amended Complaint was due on Monday, August 22nd, 2005. On Thursday, August 18th, 2005 Defendants, with Plaintiffs' consent, moved for an extension of this due date until Friday, September 2nd, 2005. Defendants filed their Answer on Friday, September 2nd, 2005, the extended date to which Plaintiffs had previously agreed.

In their Answer, Defendants assert, without further explication, that: (1) this Court lacks jurisdiction "over at least some of the counts in the Amended Complaint," (2) Plaintiffs lack standing, and (3) Plaintiffs fail to state a claim or claims upon which relief can be granted.

On Tuesday morning, September 6th, 2005 Plaintiffs proposed to Defendants a schedule for resolution of this Civil Action on the Administrative Record wherein: (1) the Administrative Record would be completed and filed by Friday, September 30th, 2005; (2) the parties would exchange Motions for Summary Judgment and Statements of Material Facts by Friday, October 14th, 2005; (3) the parties would exchange Oppositions and Statements of Genuine Issues by Friday, October 28th, 2005; and (4) the parties would exchange Reply Memorandums by Friday, November 4th, 2005. Plaintiffs averred that they could comply with the page limitations of LCvR 7(e). Later on Tuesday, September 6th, 2005 the Court entered its Order requiring that a LCvR 16.3-(c) Scheduling Conference be held by Wednesday, September 21st, 2005, and that the parties file a LCvR 16.3(d) Report and Proposed Scheduling Order within ten days thereafter.

The parties convened the required LCvR 16.3(c) Scheduling Conference through an exchange of electronic messages on Monday afternoon, September 19th, 2005, and continued the dialogue over the course of several days.

DEFENDANTS' CONTENTIONS:

This is plaintiff's second challenge to a Final Rule promulgated by the Animal and Plant Health Inspection Service (APHIS), a sub-agency within the United States Department of Agriculture. In that Final Rule, APHIS amended the regulations governing the importation of plants and plant products to add orchids of the genus Phalaenopsis to the list of plants that may be imported in an approved growing medium, subject to specified growing, inspection, and certification requirements. Final Rule, 69 Fed. Reg., 24, 916 (May 5, 2004). Judge James Robertson of this Court rejected plaintiff's first challenge, finding in favor of the government on the merits of plaintiff's challenge brought under the Plant Protection Act, the Administrative Procedure Act, and the National Environmental Policy Act. The Court also held that it did not have subject matter jurisdiction to hear plaintiff's challenge under the Endangered Species Act. ("ESA").

Plaintiff sent defendants a 60 day notice of intent to sue under the ESA on March 31, 2005, and filed suit in June, 2005.

Defendants address the matters in Local Civil Rule 16.3(c) as follows:

1) The case is likely to be disposed of on defendants' planned motion to dismiss and on cross-motions for summary judgment. Defendants intend to file a mo-

tion to dismiss by this Friday, October 7, 2005, raising straightforward arguments in support of dismissing at least 3 of the 4 counts in the Amended Complaint.  The motion will narrow the issues in this case, and make the remainder of the case much easier to resolve on the administrative record.  Plaintiff has indicated it can respond to the motion by Friday, October 14, 2005.  Defendants will reply by Wednesday, October 19, 2005.

Defendants further propose that the Administrative Record be filed within thirty days after any denial of their motion to dismiss, and that plaintiff's motion for summary judgment be filed within 45 days after filing of the administrative record.  Defendants' response and cross-motion for summary judgment would be due 45 days after the filing of plaintiff's motion.  Plaintiff's response and reply would be due 30 days after the filing of defendants' response and cross-motion.  Defendants' reply would be 20 days after the filing of plaintiff's reply and response.  This schedule is set forth in Defendants' Proposed Scheduling Order.

2) Defendants propose that any other parties be joined by October 16, 2005.  The parties do not anticipate amending their pleadings.  The issues in the case will be narrowed by defendants' motion to dismiss.

3) This case should not be assigned to a magistrate judge for all purposes.

4) At this point in time, settlement does not appear realistic

5) At this point in time, it does not appear that the case could benefit from the Court's alternative dispute resolution procedures.

6) The case can be resolved on defendants' motion to dismiss and the parties' cross-motions for summary judgment. Defendants' proposed schedule is set forth above, and is included in Defendants' Proposed Scheduling Order.

7-13) The matters identified in Sections 7-13 of Local Civil Rule 16.3© are inapplicable to this case, as it is a case based on review of an administrative record.

14) Defendants note that as to the dates in Plaintiff's Proposed Scheduling Order , the date for filing the administrative record has already passed, and that there is insufficient time  for filing the briefs and responses. Defendants further note that Department of Justice counsel is out of town on a business trip the entire week of October 24 – 28. Defendants are not aware of any other scheduling matters that need to be raised now.

Plaintiff is opposed to defendants' proposed schedule, and asserts that given this Court's previous disposition of the United States Department of Agriculture's

challenges to Plaintiffs' standing, and the continuing threat to Hawai`i's unique ecology and Federally-listed or proposed Endangered or Threatened Species or their habitats through the certain invasion of Hawai`i by alien species from Taiwan, Plaintiffs do not agree that it is appropriate to dispense with proceedings on the Administrative Record pending resolution of Defendants' Motion to Dismiss. Plaintiffs assert that Defendants' challenges to jurisdiction and standing may be accommodated within the schedule first proposed by Plaintiffs on Tuesday morning, September 6th, 2005 for resolution of this Civil Action on the Administrative Record.

Defendants do not agree.  Plaintiff has raised new arguments in this case, and defendants have straightforward jurisdictional arguments that they should be allowed to raise before the case proceeds to the merits, and defendants are required to prepare an administrative record.  Moreover, a ruling from the Court on defendants' motion to dismiss, which will be fully briefed by October 16, will make the remainder of the case much easier for final disposition on the administrative record.   Plaintiffs and Defendants agree that this Civil Action is not amenable to settlement and that this Civil Action would not benefit from Alternative Dispute Resolution procedures. Alternative Proposed Scheduling Orders are submitted with this Scheduling Report.

With aloha,

/s/ Cyrus E. Phillips, IV

_____

Cyrus E. Phillips, IV
D.C. Bar Number 456500

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone:    (202) 466-7008
Facsimile:    (202) 466-7009
Electronic Mail: *lawyer@procurement-lawyer.com*

Attorney of record for Plaintiffs,
Hawai`i Orchid Growers Association.

Respectfully submitted,

Kelly A. Johnson
Acting Assistant Attorney General


/s/ Donna S. Fitzgerald

_____

Donna S. Fitzgerald
Connecticut Bar Number 411810
Trial Attorney
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, D.C. 20044-0663

Telephone:      (202) 305-0476
Facsimile:       (202) 305-0506
Electronic Mail: *Donna.Fitzgerald@usdoj.gov*

Darlene Bolinger
Office of the General Counsel
United States Department of Agriculture
1400 Independence Ave., S.W.
Washington D.C. 20250

Peg Romanik
Office of the Solicitor
United States Department of the Interior
1849 C. St., N.W.
Washington D.C. 20240

ATTORNEYS FOR DEFENDANTS