# United States District Court
# For the District of Columbia

|  |  |  |
|---|---|---|
| HAWAI`I ORCHID GROWERS ASSOCIATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1182 (RCL) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | ) ) ) ) | |
| and | ) ) | |
| UNITED STATES DEPARTMENT OF INTERIOR, et al., | ) ) ) ) | |
| Defendants. | ) | |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD

Plaintiffs Hawai`i Orchid Growers Association, pursuant to LCvR 7.1(a), file this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Compel Defendants to Supplement the Administrative Record.

This Civil Action challenges the actions of Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service during Endangered Species Act consultations, 16 U.S.C. § 1536, with Defendant United States Department of the Interior's U.S. Fish and Wildlife Service.

Plaintiffs contend: (a) that Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service did not disclose to Defendant United States Department of the Interior's U.S. Fish and Wildlife Service all that Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service then knew about adverse impacts of the Proposed, now Final, Rule allowing entry from Taiwan of finished, flowering *Phalaenopsis* spp. orchid plants potted in sphagnum moss; and (b) that Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service's Endangered Species Act consultations with Defendant United States Department of the Interior's U.S. Fish and Wildlife Service were not the "best science" required by 16 U.S.C. § 1536(a)(2) because Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service did not consider Hawai`i's unique ecology as it earlier had on April 10th, 2002 when it adopted a Policy Change in connection with the risk of entry of ants alien to Hawai`i. Likewise, Plaintiffs contend that Defendant United States Department of the Interior's U.S. Fish and Wildlife Service did not, during its Endangered Species Act consultations with Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service, regard the risk of entry of alien species from Taiwan through introduction of suitable breeding habitats, a risk earlier identified in scientific studies performed for the United States Department of Transportation's Federal Aviation Administration and presented to Defendant United States Department of the Interior's U.S. Fish and Wildlife Service.

Five Documents identified in Plaintiffs' Amended Complaint filed June 24th, 2005 are not included in the Administrative Record filed December 21st, 2005. These five Documents are:

(a) *Effectiveness of Potential Mitigation Measures for Selected Alien Taxa*, Hawai`i Biological Survey Technical Report Number 3, February 3rd, 1997, as set out in Attachment 1 to Plaintiffs' Amended Complaint filed June 24th, 2005; and

(b) *Alien Species Biological Assessment for Kahului Airport Improvements*, Kahului, Maui, Hawai`i, March 10th, 1997, identified in paragraphs numbers 9. and 10. of Plaintiffs' Amended Complaint filed June 24th, 2005; and

(c) *Biological Opinion of the U.S. Fish and Wildlife Service for the Kahului Airport Improvements, Phases 1 and 2 Kahului, Maui, Hawai`i*, July 23rd, 1997, as set out in Attachment 2 to Plaintiffs' Amended Complaint filed June 24th, 2005; and

(d) *Request and Analysis to Change the Quarantine Policy for Ants Moving Into, or Through, the State of Hawaii*, Hawai`i Ant Group, October 25th, 2001, as set out in Attachment 4 to Plaintiffs' Amended Complaint filed June 24th, 2005; and

(e) *Change in Quarantine Action Policy for Ants Intercepted from Commodities Destined to the State of Hawaii*, National Identification Services, Animal and Plant Health Inspection Service, United States Department of Agriculture, April 10th, 2002, as set out in Attachment 5 to Plaintiffs' Amended Complaint filed June 24th, 2005.

Case 1:05-cv-01822-RCL    Document 26    Filed 09/19/2006    Page 3 of 8

The Administrative Record complied by an Agency may be supplemented with extra-record materials that are relevant to the challenged Agency action but were not considered by the Agency. *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). Supplementation of an Administrative Record may properly be required when Agencies exclude information adverse to them from that Administrative Record. The Documents that have been excluded must be shown: (1) to have been known to the Agencies at the time of the challenged Agency action, (2) to be directly related to the challenged Agency action, and (3) must be adverse to the challenged Agency action. *The Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005).

These five Documents were known to Defendants United States Department of Agriculture and United States Department of Interior at the times they undertook the Agency actions challenged here—Documents (a), (b), and (c) were known to Defendant United States Department of the Interior's U.S. Fish and Wildlife Service at the time it concurred with Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service on April 7th, 2003 and again on September 1st, 2004 that the proposed, now Final, Rule allowing entry from Taiwan of finished, flowering *Phalaenopsis* spp. orchid plants established in pots of sphagnum moss would not adversely affect Federally-listed or proposed Endangered or Threatened Species or their habitats; Documents (d) and (e) were known to Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service when it conducted its Endangered Species Act, 16 U.S.C. § 1536, consultations with Defendant United States Department of the Interior's U.S. Fish and Wildlife Service dur-

ing the period October 2002 through April 7th, 2003 and again during the period October 1st, 2003 through September 1st, 2004.

These five Documents contain information that is directly related to the decisions challenged in this Civil Action—Documents (a), (b), and (c) focus on the risk of invasion by alien species through introduction of suitable breeding habitats, not on the risk of invasion by alien species that might be imposed through entry of specific hosts, and this was the sole consideration for the proposed, now Final, Rule allowing entry from Taiwan of finished, flowering *Phalaenopsis* spp. orchid plants potted in sphagnum moss; Documents (d) and (e) recognize Hawai`i's unique ecology, and they do so in connection with the risk of entry of ants alien to Hawai`i whereas Hawai`i's unique ecology was not considered by Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service when it conducted its Endangered Species Act, 16 U.S.C. § 1536, consultations with Defendant United States Department of the Interior's U.S. Fish and Wildlife Service during the period October 2002 through April 7th, 2003 and again during the period October 1st, 2003 through September 1st, 2004.

And these five Documents contain information adverse to the decisions challenged in this Civil Action—Defendant United States Department of the Interior's U.S. Fish and Wildlife Service did not regard the risk of invasion by alien species through introduction of suitable breeding habitats, a risk that is accredited by Defendant United States Department of the Interior's U.S. Fish and Wildlife Service in Documents (a), (b), and (c), when Defendant United States Department of the Interior's

- 5 -

U.S. Fish and Wildlife Service concurred with Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service on April 7th, 2003 and again on September 1st, 2004 that the proposed, now Final, Rule allowing entry from Taiwan of finished, flowering *Phalaenopsis* spp. orchid plants established in pots of sphagnum moss would not adversely affect Federally-listed or proposed Endangered or Threatened Species or their habitats; Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service did not regard Hawai`i's unique ecology when it conducted its Endangered Species Act consultations with Defendant United States Department of the Interior's U.S. Fish and Wildlife Service, yet Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service had earlier recognized Hawai`i's unique ecology when it adopted the Policy Change on ants on April 10th, 2002.

To supplement an Administrative Record with extra-record materials that are relevant to the challenged Agency action but were not considered it is not necessary that these extra-record materials conclusively prove that the challenged Agency action is unlawful. Rather, all that is required is that these extra-record materials make the existence of facts of consequence more or less probable than they would be without these extra-record materials. *Delano v. Roche*, 391 F. Supp. 2d 79, 89 (D.D.C. 2005). These five Documents bear directly on one of the ultimate issues here, whether the Defendants considered factors relevant to the challenged Agency action, and these five Documents appear to undermine key evidence supporting the challenged Agency action here. More is not required. *Oceana, Inc. v. Evans*, 384 F. Supp. 2d 203, 217-218 n.17 (D.D.C. 2005).

The Court should compel the supplementation of this Administrative Record with these five Documents.

>With aloha,
>
>/s/ Cyrus E. Phillips, IV
>_____
>Cyrus E. Phillips, IV
>D.C. Bar Number 456500
>January 19th, 2006
>
>1828 L Street, N.W., Suite 660
>Washington, D.C. 20036-5112
>Telephone:     (202) 466-7008
>Facsimile:      (202) 466-7009
>
>Electronic Mail:    lawyer@procurement-lawyer.com
>
>Attorney of record for Plaintiffs,
>Hawai`i Orchid Growers Association.

- 7 -

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, January 19th, 2006 a true and complete copy of this Plaintiffs' Memorandum Of Points And Authorities In Support Of Plaintiffs' Motion To Compel Supplementation Of The Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of the filing will be sent to:

>Donna S. Fitzgerald, Esq.
>
>Electronic Mail:   donna.fitzgerald@usdoj.gov
>
>Attorney of record for Defendants,
>United States Department of Agriculture,
>*et al.*, and
>United States Department of the Interior, *et al.*
>
>/s/ Cyrus E. Phillips, IV
>_____
>Cyrus E. Phillips, IV

Case 1:05-cv-00182-RCL   Document 23   Filed 01/19/2006   Page 8 of 8