**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HAWAI'I ORCHID GROWERS ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-1182 (RCL) |
| | ) |
| UNITED STATES DEPARTMENT OF AGRICULTURE; | ) |
| MIKE JOHANNS, SECRETARY OF AGRICULTURE; | ) |
| W. RON DEHAVEN, ADMINISTRATOR, ANIMAL | ) |
| AND PLANT HEALTH INSPECTION SERVICE; | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR; | ) |
| GALE NORTON, SECRETARY OF THE INTERIOR; | ) |
| MATTHEW J. HOGAN, ACTING DIRECTOR, UNITED | ) |
| STATES FISH AND WILDLIFE SERVICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' RESPONSE BRIEF OPPOSING PLAINTIFF'S MOTION TO COMPEL
SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD**

Plaintiff has moved for an order compelling defendants to supplement the administrative record with five documents, four of which plaintiff attached to its Amended Complaint, and a fifth which plaintiff has not submitted. As explained below, plaintiff has failed to meet its burden justifying supplementation, and its motion should be denied.

**I. BACKGROUND**

This lawsuit is plaintiff's second legal challenge to a 2004 Final Rule promulgated by the Animal and Plant Health Inspection Service ("APHIS"), a sub-agency within the United States Department of Agriculture ("USDA").[1/] In that rule, APHIS amended regulations governing the

---

[1/] The Court in the first lawsuit, also filed in this district, granted defendants' motion to dismiss plaintiff's Endangered Species Act claim for lack of subject matter jurisdiction, and granted defendants' motion for summary judgment as to the remaining claims (brought under the Plant Protection Act and the National Environmental Policy Act), and denied plaintiff's motion for summary judgment. Docket Nos. 30, 31 in Hawaiian Orchid Grower's Association v. USDA,

importation of plants and plant products to add orchids of the genus Phalaenopsis from Taiwan to the list of plants that may be imported in an approved growing medium, subject to specified growing, inspection, and certification requirements.  Final Rule, 69 Fed. Reg. 24,916 (May 5, 2004).  APHIS promulgated the Rule in response to a request from Taiwan, and after determining that Phalaenopsis species plants from Taiwan established in approved growing media can be imported without resulting in the introduction into the United States, or the dissemination within the United States, of a plant pest or noxious weed.  Id.

While plaintiff's amended complaint filed in this action raised four counts against the Final Rule, only two counts (Counts I and III) remain before this Court, as the parties stipulated to dismissal of Counts II and IV soon after defendants moved to dismiss those counts.  Docket Nos. 19 and 20 (order granting stipulation).  In Count I, plaintiff contends that the conclusion in APHIS's "Biological Opinion"[2] that the Final Rule will not adversely affect federally-listed or proposed endangered or threatened species or their critical habitat is arbitrary and capricious, an abuse of discretion, and unlawful because APHIS purportedly did not disclose to the United States FWS "all that [APHIS] knew about adverse impacts" of the proposed rule on federally-listed or proposed Endangered or threatened species and their critical habitat.  Amd. Compl. At ¶ 58.

In Count III of the Amended Complaint, plaintiff contends that the United States Fish and Wildlife Service (FWS) concurrence with APHIS's Biological Evaluation is arbitrary and

---

Civil No. 04-914 (JR) (D.D.C.).

[2] APHIS actually prepared a Biological Evaluation as part of the informal consultation process with FWS.  A "Biological Opinion" is a document prepared by the FWS when it engages in "formal consultation" with an agency.  50 C.F.R. § 402.14.

capricious because various "[s]cientific studies prepared for the Federal Aviation Administration . . . " in regard to the expansion of runways at Kahului Airport on Maui purportedly focused on the "risk of invasion by alien species through introduction of suitable breeding habitat, . . . .." Amd. Compl. At ¶ 68.  Plaintiff contends that FWS did not undertake this same analysis when it engaged in consultation with APHIS on its 2004 Final Rule, and therefore, its concurrence is arbitrary and capricious.  Amd. Compl. at ¶ 68.

Defendants filed the certified administrative record on December 21, 2005.  Docket Nos. 23 & 24.  Under the current briefing schedule agreed to by the parties and approved by this Court, plaintiff's motion for summary judgment is due February 8, 2006, defendants' response and cross-motions are due March 23, 2006, plaintiffs' response and reply is due April 24, 2006, and defendants' reply is due May 15, 2006.  See January 27, 2006 Order, Docket No. 29.

Without first contacting defendants to determine their position, plaintiff filed its motion to compel supplementation of the administrative record on January 19, 2006.  The motion asks this Court to compel defendants to add five documents to the administrative record.  The five documents are attachments 1, 2, 4 and 5 to plaintiff's Amended Complaint, and a fifth document, the "Alien Species Biological Assessment for Kahului Airport Improvements.[3]  Attachment 1 is one section, Section H, of a February 3, 1997 document titled "Effectiveness of Potential Mitigation Measures for Selected Alien Taxa," which, according to the cover page, was prepared by a Dr. Howarth, Ph.D, Department of Natural Sciences, Bishop Museum, Honolulu, Hawaii, as part of the Biological Assessment for the Kahului Airport Master Plan Improvement Project.

---

[3]The Biological Assessment is not attached to the Amended Complaint, and was not submitted by plaintiff with its motion.

Section H, which is the only portion of the document provided by plaintiff, is titled "Mitigation Measures for Selected Taxa."

Attachment 2 is a July 23, 1997 Biological Opinion, prepared by the United States Fish and Wildlife Service, for the Kahului Airport Improvements, Phases 1 and 2. The document was prepared during informal consultation pursuant to Section 7 of the Endangered Species Act, ESA, 16 U.S.C. § 1536, with the Federal Aviation Administration regarding "the project plans for the Kahului Airport Improvement Phases 1 and 2 on the island of Maui, Hawaii." Att. 2 to Amended Complaint at 1. Attachment 2 does not include the tables to the Biological Opinion.

Attachment 4 is an October 25, 2001 document titled "Request and Analysis to Change the Quarantine Action Policy for Ants Moving into, or through, the State of Hawaii," submitted to APHIS by the Hawaii Ant Group. Attachment 5 is e-mail correspondence forwarding an April 10, 2002 announcement from APHIS regarding a "Change in Quarantine Action Policy for Ants Intercepted from Commodities Destined to the State of Hawaii."

Plaintiff has failed to demonstrate that these five documents should be added to the administrative record for this action.

## II. ARGUMENT

### A. Under the Administrative Procedure Act, the Court's Review of the Final Rule Is Restricted to the Administrative Record.

Plaintiff's challenge is before the Court pursuant to the United States's waiver of sovereign immunity under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551-706. Amd. Complaint ¶ 3. It is well established that a court's review under the APA is restricted to "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The Supreme Court has emphasized the strict limitations that the APA imposes on judicial review:

> We have made it abundantly clear before that when there is a contemporaneous explanation of the agency decision, the validity of that action must "stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review. If that finding is not sustainable on the administrative record made, then the [agency] decision must be vacated and the matter remanded to [the agency] for further consideration."

Vermont Yankee Nuclear Power Corp. v. NRDC, Inc., 435 U.S. 519, 549 (1978), citing Camp v. Pitts, 411 U.S. 138, 143 (1973).

Both the Supreme Court and the District of Columbia Circuit have repeatedly emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. at 142; see also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Ctr. for Auto Safety v. Fed. Highway Admin., 956 F.2d 309, 314 (D.C. Cir. 1992). "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984); Doraiswamy v. Sec'y of Labor, 555 F.2d 832, 840 (D.C. Cir. 1976) ("The administrative function is statutorily committed to the agency, not the judiciary....To permit an administrative determination 'to be attacked or supported in court by new evidence,' the Supreme Court has admonished, 'would substitute the court [for] the administrative tribunal...'" (citing, inter alia, Camp v. Pitts, 411 U.S. 141-43)).

The D.C. Circuit has noted that the principle of confining review of agency action to the administrative record exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny. Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir.1989). Moreover, the agency's designation of the administrative record is entitled to a presumption of regularity. Bar MK Ranches v. Yuetter, 994 F.2d 735, 739-40 (10th Cir. 1993); Amfac Resorts L.L.C. v. Dep't

of Interior, 143 F. Supp.2d 7, 12 (D.D.C. 2001).

Nevertheless, the courts have recognized eight exceptions allowing use of "extra-record" evidence – 1) when agency action is not adequately explained in the record before the court; 2) when the agency failed to consider factors which are relevant to its final decision; 3) when an agency considered evidence which it failed to include in the record; 4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; 5) in cases where evidence arising after the agency action shows whether the decision was correct or not; 6) in cases where agencies are sued for a failure to take action; 7) in cases arising under the National Environmental Policy Act; and 8) in cases where relief is at issue, especially at the preliminary injunction stage. Esch, 876 F.2d at 991. Plaintiff has failed to justify invoking any of these exceptions to the rule in APA cases that limits judicial review to the administrative record.

### B. Plaintiff has Failed to Demonstrate that the Record Should be Supplemented.

Although plaintiff acknowledges that the documents it has identified for supplementation are "extra-record," and were "not considered," Pl. Memo. Of Points and Authorities In Support of its Motion to Compel Supplementation of the Administrative Record (hereinafter, "Pl. Mem.") at 4, 6, plaintiff contends they should be added to the record because they are purportedly relevant, and they "make the existence of facts of consequence more or less probable than they would be without these extra-record materials." Pl. Memo. At 4 (citing Esch v. Yeutter, 876 F.2d 976 (D.C. Cir. 1989) and Fund for Animals v. Williams, 391 F.Supp.2d 191, 198 (D.D.C. 2005)), at 6 (citing Delano v. Roche, 391 F. Supp.2d 79, 89 (D.D.C. 2005)).

Plaintiff fails to demonstrate, however, that the five documents are indeed relevant to the

Final Rule adding orchids of the genus <u>Phalaenopsis</u> from Taiwan to the list of plants that may be imported in an approved growing medium, subject to specified growing, inspection, and certification requirements.  According to plaintiff, the three documents prepared in conjunction with improvements at Kahului Airport in Maui are relevant because they demonstrate that in its Section 7 consultation on the Final Rule at issue here, FWS purportedly did not "regard the risk of invasion by alien species through introduction of suitable breeding habitats."  Pl. Memo. At 2.  As to the two documents regarding the Quarantine Action Policy for Ants, plaintiff contends those are relevant because they purportedly demonstrate that APHIS did not consider Hawaii's "unique ecology" in promulgating the Final Rule at issue here, whereas it purportedly had considered that ecology with respect to the Ant Policy.  Pl. Memo. At 2.

      Neither explanation is adequate.  Plaintiff fails to explain how documents addressing improvements at an airport in Maui, and documents addressing a Quarantine Action Policy for Ants, have any relevance to a rule governing imports of orchids in approved growing medium, subject to growing, inspection, and certification requirements.  Instead, plaintiff makes only the conclusory assertion that these documents "bear directly on one of the ultimate issues here, whether the Defendants considered factors relevant to the challenged Agency action."  Pl. Memo. At 6.

      Such conclusory assertions fail to demonstrate that any of the exceptions set forth in <u>Esch v. Yuetter</u> apply.  In fact, the weakness of plaintiff's argument is highlighted by analyzing the cases plaintiff cited in its brief, where the courts have found supplementation warranted.  In <u>Esch v. Yeutter</u>, the D.C. Circuit determined that supplementation of the record was justified when the agency had committed a number of procedural errors, including failing to conduct a mandatory

7

hearing, which deprived the plaintiff farmers of their opportunity to present relevant facts in their challenge to the agency's decision to suspend payments allegedly owed them. 876 F.2d at 991-93. As the court noted, "[c]onsideration of all relevant factors includes at least an effort to get both sides of the story." 876 F.2d at 993.

In Delano, a second case cited by plaintiff, the district court allowed the record to be supplemented with a document from plaintiff's personnel record which the Court found relevant to an issue in the case – the disputed "close-out" date on which plaintiff's rating for promotions was to be evaluated. Id. Finally, in Fund for Animals, the district court allowed supplementation when the four documents at issue were either generated by or provided to the agency, and all four documents contained information "directly relevant" to the promulgation of the rule at issue, which opened federal wildlife refuges to hunting. 391 F.Supp.2d at 198.

Here, in contrast, plaintiff has failed to demonstrate that the information in any of the five documents it has identified is "directly relevant" to the rule plaintiff challenges. For one, the documents do not address the same subject matter, and they are not contemporaneous. Three of the five documents address improvements at an airport in Maui, and two of those documents are dated 1997.[4] The remaining two documents address a quarantine action policy for ants for commodities destined for Hawaii, and are dated 2001 and 2002. Plaintiff has made no genuine demonstration that the information in these five documents has any bearing on the decision-making that led to the rule governing imports of orchids in approved growing medium, subject to growing, inspection, and certification requirements. While plaintiff states conclusorily that the

---

[4] As plaintiff did not include the third document, the Biological Assessment for improvements at Kahului Airport, with its motion to supplement, defendants do not know the date of that document.

8

five documents "appear to undermine key evidence supporting the challenged Agency action here," Pl. Memo. At 6, plaintiff fails to provide any explanation of, or support for, this assertion.

Moreover, plaintiff has failed to demonstrate that defendants acted in bad faith or improperly, or that the "record is so bare that it prevents effective judicial review." Fund for Animals, 391 F.Supp.2d at 198 (internal quotation marks and cit. omitted).  The administrative record filed with the Court is over 3,000 pages, and is contained in 17 notebooks, and it includes public comments submitted during promulgation of the rule, including comments from plaintiff itself.  Unlike the plaintiff farmers in the Esch v. Yuetter case, plaintiff has failed to demonstrate that the record is so "bare that it prevents effective judicial review," and its motion to compel supplementation should be denied.  Fund for Animals, 391 F.Supp.2d at 198 (internal quotation marks and cit. omitted); Esch, 876 F.2d at 993 ("Consideration of all relevant factors includes at least an effort to get both sides of the story.")

### III.  CONCLUSION

Plaintiff has not demonstrated that the five documents it seeks to add are properly part of the administrative record, and its motion to compel supplementation should be denied.

Dated:  February 1, 2006                    Respectfully submitted,

                                            Sue Ellen Woolridge
                                            Assistant Attorney General
                                            Environment & Natural Resources Division
                                            United States Department of Justice

                                                     /s/
                                            DONNA S. FITZGERALD
                                            Connecticut Bar #411810
                                            Trial Attorney
                                            Natural Resources Section
                                            Environment & Natural Resources Division
                                            United States Department of Justice

        P.O. Box 663
        Washington D.C. 20044-0663
        Phone:  (202) 305-0476
        Fax: (202) 305-0506
        E-mail: Donna.Fitzgerald@usdoj.gov

OF COUNSEL:

Darlene Bolinger
Attorney Advisor General
Regulatory Division
Office of the General Counsel
United States Department of Agriculture
Rm 2319 South Building
1400 Independence Ave., SW
Washington, DC 20250-1400


Peg Romanik, Attorney
Office of the Solicitor
Division of Parks & Wildlife
United States Department of the Interior
1849 C. St., N.W., MS 6557
Washington D.C. 20240

        ATTORNEYS FOR DEFENDANTS