# United States District Court
# For the District of Columbia

|  |  |  |
|---|---|---|
| HAWAI`I ORCHID GROWERS ASSOCIATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1182 (RCL) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | ) ) ) ) | |
| and | ) ) | |
| UNITED STATES DEPARTMENT OF INTERIOR, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD

Plaintiffs Hawai`i Orchid Growers Association, pursuant to LCvR 7(d) file this Reply Memorandum to Defendants' Response Brief Opposing Plaintiffs' Motion to Compel Supplementation of the Administrative Record.

The relevance of the five Documents which Plaintiffs' move as Supplements to the Administrative Record is clear—these five Documents demonstrate that Defendants have not considered all of the factors relevant to the challenged Agency action here, a proposed, now Final, Rule allowing entry

from Taiwan of finished, flowering *Phalaenopsis* spp. orchid plants established in pots of sphagnum moss.

Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service knew when it conducted its Endangered Species Act, 16 U.S.C. § 1536(a)(2), consultations with Defendant United States Department of the Interior's U.S. Fish and Wildlife Service during the period October 2002 through April 7th, 2003 and again during the period October 1st, 2003 through September 1st, 2004, that Hawai`i's ecology is unique—Animal and Plant Health Inspection Service had recognized Hawai`i's unique ecology when it adopted the policy change on ants on April 10th, 2002. But Hawai`i's unique ecology was not considered when Animal and Plant Health Inspection Service conducted its Endangered Species Act consultations with the Fish and Wildlife Service, and thus these Endangered Species Act consultations were incomplete and did not use the "best scientific and commercial data available" as required by 16 U.S.C. § 1536(a)(2). Indeed, Animal and Plant Health Inspection Service explained, during its Endangered Species Act consultations with the Fish and Wildlife Service on June 2nd, 2004, that the required mesh size for the greenhouses in Taiwan where the *Phalaenopsis* spp. orchid plants are to be established in pots of sphagnum moss is based on economics (smaller mesh sizes would require adapting greenhouse construction in the humid climate of Taiwan to accommodate the need for air circulation and cooling fans), and is not based on pest risk, or on Hawai`i's unique ecology (Hawai`i and Taiwan are both in the same tropical climate).

When it concurred with Defendant United States Department of Agriculture's Animal and Plant Health Inspection Service on April 7th, 2003 and again on September 1st, 2004 that the proposed Rule allowing entry from Taiwan of finished, flowering *Phalaenopsis* spp. orchid plants established in pots of sphagnum moss would not adversely affect Federally-listed or proposed Endangered or Threatened Species or their habitats, Defendant United States Department of the Interior's U.S. Fish and Wildlife Service did not regard the risk of invasion by alien species through introduction of suitable breeding habitats, a risk that had been earlier accredited by Defendant United States Department of the Interior's U.S. Fish and Wildlife Service in a 1997 Biological Opinion as to the effects of the Federally-funded improvement project at Kahului Airport, Maui, Hawai`i. Indeed, Defendant United States Department of the Interior's U.S. Fish and Wildlife Service then concluded such an invasion of an alien species "*would be practically irreversible and could have catastrophic consequences for one or more listed species.*" Emphasis added.

It is not now required that Plaintiffs establish that the extra-record materials that are the subject of Plaintiffs' Motion to Compel Supplementation of the Administrative Record conclusively prove that the challenged Agency action is unlawful. Rather, all that is required is that these extra-record materials make the existence of facts of consequence more or less probable than they would be without these extra-record materials. *Delano v. Roche*, 391 F. Supp. 2d 79, 89 (D.D.C. 2005), *citing New Jersey v. T.L.O.*, 469 U.S. 325, 344 (1985), and FED. R. EVID. 401 (relevant evi-

dence "need not conclusively prove the ultimate fact in issue"). The Court should now grant Plaintiffs' Motion to Compel Supplementation of the Administrative Record.

        With aloha,

        /s/ Cyrus E. Phillips, IV

        _____

        Cyrus E. Phillips, IV
        D.C. Bar Number 456500
        February 6th, 2006

        1828 L Street, N.W., Suite 660
        Washington, D.C. 20036-5112
        Telephone:   (202) 466-7008
        Facsimile:    (202) 466-7009

        Electronic Mail:   *lawyer@procurement-lawyer.com*

        Attorney of record for Plaintiffs,
        Hawai`i Orchid Growers Association.

CERTIFICATE OF SERVICE

    I hereby certify that on Monday, February 6th, 2006 a true and complete copy of this Plaintiffs' Reply Memorandum to Defendant's Opposition to Plaintiffs' Motion to Compel Supplementation of the Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

    Donna S. Fitzgerald, Esq.

    Electronic Mail:    donna.fitzgerald@usdoj.gov

    Attorney of record for Defendants,
    United States Department of Agriculture,
    *et al.*, and
    United States Department of the Interior, *et al.*

    /s/ Cyrus E. Phillips, IV
    _____
    Cyrus E. Phillips, IV