# United States District Court
# For the District of Columbia

|  |  |  |
|---|---|---|
| HAWAI`I ORCHID GROWERS ASSOCIATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1182 (RCL) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | ) ) ) ) | |
| and | ) ) | |
| UNITED STATES DEPARTMENT OF INTERIOR, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

<u>Plaintiffs' Memorandum In Opposition To
Defendants' Motion To Strike The Declaration Of Dr. Arnold Hara</u>

Plaintiffs Hawai`i Orchid Growers Association, pursuant to LCvR 7.1(b), respectfully oppose the Defendants' Motion to Strike the Declaration of Dr. Arnold Hara, a Motion filed on June 21st, 2006.

Defendants move to strike Dr. Hara's Declaration, arguing that this Declaration is used to add extra-record information and "expert like" opinions to challenge the merits of Animal and Plant Health Inspection Service's decision-making. Defendants' Reply Brief in Support of their Motions to Dismiss and/or for Summary Judgment, at 4-6. But Defendants fail to cite to even one inappropriate

statement in Dr. Hara's Declaration. Indeed, Plaintiffs only cited to Dr. Hara's Declaration on pages 2, 3, 4, and 6 of Plaintiffs' Opposition to Defendants' Motion to Dismiss. The arguments contained on these pages address exclusively the issue of standing.[1]

Article III standing, U.S. CONST., art. III, § 2, requires: (1) injury in fact—certainly impending invasion of a legally protected interest that is itself concrete and particular; (2) injury that is fairly traceable to the challenged act; and (3) injury that is likely to be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 167 (1997), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Fund for Animals v. Norton*, 322 F.3d 728, 732-733 (D.C. Cir. 2003).[2] Thus standing under the Endangered Species Act, 16 U.S.C. § 1540(g), as Defendants agree, Defendants' Motion to Dismiss, at 23, requires that a plaintiff demonstrate that listed Species, in fact, are threatened by proposed or actual Federal action, and that the plaintiff will be among the injured. *Lujan*, supra, 504 U.S., at 562-63.

Dr. Hara's Declaration addresses the Endangered Species Act standing requirement, and Dr. Hara's Declaration demonstrates that without an appropriate Agency review, the three species of native Hawai`ian orchids, *Platanthera holochila*, an Endangered Species, and *Anoectochilus sandvicensis* and *Liparis hawaiiensis*, both species of concern and associated native species in critical habitat of

---

[1]   Dr. Hara earlier submitted other Declarations that are part of the Administrative Record. *E.g.*, AR 220-227, 796-805. These earlier Declarations from Dr. Hara are reflected in Plaintiffs' later arguments on the merits in this Civil Action. However, these arguments are separate and distinct from Dr. Hara's Declaration that is here submitted to address the standing issue.

[2]   Plaintiffs' Opposition to Defendants' Motion to Dismiss, at 1-6, further discusses Article III standing requirements and associational standing requirements and establishes that Plaintiffs are

the Endangered Species *Adenophorus periens* (pendant kihi fern) and in critical habitat of the Endangered Species *Phyllostegia hirsuta* (a short-lived perennial and a member of the mint family), will suffer certain harm as a result of the introduction of invasive alien species which will arrive in the pots filled with damp sphagnum moss in which mature *Phalaenopsis* spp. orchid plants will be imported from Taiwan, importation allowed under the Final Rule, effective Friday, June 4th, 2004, 69 Fed. Reg. 24916-36 (2004), which allows importation from Taiwan of finished, flowering *Phalaenopsis* spp. orchid plants in pots filled with damp sphagnum moss.

As is made clear in this Court's Order of October 14th, 2005, the issue in this Civil Action is not the Final Rule. Instead, the issues are (1) that Animal and Plant Health Inspection Service did not disclose, during Endangered Species Act consultations with Fish and Wildlife Service, all that Animal and Plant Health Inspection Service knew about adverse impacts of the then-proposed Final Rule on Federally-listed or proposed Endangered or Threatened Species or their habitats, Amended Complaint, Count I, and (2) that Fish and Wildlife Service did not regard the risk of invasion of alien species from Taiwan through introduction of suitable breeding habitats, a risk earlier identified in scientific studies performed for the Federal Aviation Administration, United States Department of Transportation, and then presented to Fish and Wildlife Service, Amended Complaint, Count III. These two issues and that listed Species are threatened by the Final Rule are the topics to which Dr. Hara's Declaration is addressed.

---

among the injured for purposes of Article III standing.

Dr. Hara explains that these invasive alien species which will arrive from Taiwan in the pots filled with damp sphagnum moss do not discriminate, and that these alien species will attack all species of *Orchidaceae*, including the native Hawai`ian orchids *and* the orchid plants grown for sale by members of the Hawai`i Orchid Growers Association. Declaration of Dr. Arnold Hara, May 1st, 2006 (Hara Dec.), at ¶¶ 2, 5, and 6. Dr. Hara explains also just how Defendant Animal and Plant Health Inspection Service has exacerbated the risk to the to the native Hawai`ian orchids by winnowing the list of pests that will arrive as invasive alien species, Hara Dec. at ¶¶ 4 and 5, and why, once these invasive alien species arrive on Hawai`i, they will not be easily eradicated or controlled, Hara Dec., at ¶ 7.

In their Motion to Strike, Defendants argue that Dr. Hara's Declaration is an attempt to improperly add extra-record opinion testimony to this Civil Action. But Dr. Hara's Declaration is offered solely to demonstrate that listed Species will suffer certain harm as a result of the Final Rule. In *Environmental Protection Information Center v. Blackwell*, 389 F. Supp. 2d 1174, 1220 (N.D. Cal. 2004), a case cited by Defendants, the Court relied on *Northwest Environmental Defense Center v. Bonneville Power Administration*, 117 F.3d 1520, 1527-28 (9th Cir. 1997), where the Ninth Circuit distinguished declarations on standing from improper extra-record evidence. This same Court has expressly disavowed reliance on declarations containing expert-like statements "except as they are relevant to standing." *Environmental Protection Information Center v. Blackwell*, 389 F. Supp. 2d 1174, 1221 (N.D. Cal. 2004). Thus this same Court denied a motion to strike and allowed declarations relevant

to standing, while at the same time the Court disavowed any reliance on these declarations for the Court's merits-based substantive analysis. *Id*. Similarly here, Dr. Hara's Declaration is intended solely to establish standing under the Endangered Species Act, and Plaintiffs do not rely on Dr. Hara's Declaration in the merits-based substantive analysis argued by Plaintiffs in this Civil Action.

Unlike *Karuk Tribe of California v. U.S. Forest Service*, 379 F. Supp. 2d 1071, 1088 (N.D. Cal. 2005), another case relied on by Defendants, Plaintiffs Hawai`i Orchid Growers Association do not ask the Court to defer to Dr. Hara's Declaration on technical issues concerning the Final Rule. Defendants do not distinguish, as they must, between Dr. Hara's earlier Declarations, these among the materials not disclosed by Animal and Plant Health Inspection Service to Fish and Wildlife Service during Endangered Species Act consultations, and Dr. Hara's Declaration here, a Declaration which is offered to establish Endangered Species Act standing. Even the *Karuk* Court held that the use of the declaration there in issue was permissible to the extent that that declaration established standing. *Id*. Opinion testimony relevant to standing is properly considered. *Environmental Protection Information Center v. Blackwell*, 389 F. Supp. 2d 1174, 1221 (N.D. Cal. 2004). Dr. Hara's Declaration, which addresses the consequences of the Final Rule to the native Hawai`ian orchids, is here offered to support the standing of Hawai`i Orchid Growers Association.[3]

---

[3]    Dr. Hara's Declaration contains ample evidence of his qualifications. He is a Professor and an Entomologist at the Beaumont Agricultural Research Center, College of Tropical Agriculture and Human Resources, University of Hawai`i at Manoa, Hilo, Hawai`i. Hara Dec., at ¶ 1. Dr. Hara has co-authored scientific papers on pests and pest management concerning the Hawai`i orchid industry. *Id*. Dr. Hara is particularly familiar with the rate of invasion in Hawai`i of non-indi-

Defendants argue that "Dr. Hara is not a member of plaintiff, and his declaration does not, and cannot, demonstrate that plaintiff has suffered a concrete and particular injury." Defendants' Motion to Strike, at 5. However, as explained above, Dr. Hara's Declaration is offered solely to establish Endangered Species Act standing by showing that the native Hawai`ian orchids will suffer certain harm as a result of the Final Rule and that, as well, Hawai`i growers of potted epiphytic orchids will also suffer certain harm. In any event, as established in Plaintiffs' Opposition to Defendants' Motion to Dismiss, this Administrative Record is replete with evidence that Plaintiffs' members, breeders, propagators, and growers of orchids in Hawai`i, will suffer concrete and particularized injuries along with the certain harm that the Final Rule has imposed on the native Hawai`ian orchids.[4]

---

genous, or alien, species, and he has personal knowledge of the efforts required to protect Hawai`i's diversified agriculture and fragile natural environments. *Id.*

[4]   For example, it is clear from the Administrative Record that Hawai`i Orchid Growers Association is comprised of "breeders, propagators, and growers of orchids in Hawai`i." AR 1598. "Its goals are to promote the development of the [the orchid] industry by supporting marketing, research and education projects." AR 1598. One or more of its members grow *Phalaenopsis* spp. orchids, AR 1601, 1603, and one or more of such members specialize in potted *Phalaenopsis* spp. orchid plants, AR 1606, 1608. The Economic Analysis published with the Final Rule predicts an increase in export activity, which means that domestic growers, including many Hawai`ian growers, will lose sales to producers of potted *Phalaenopsis* spp. orchids from Taiwan. AR 1510-1517. Indeed, this Economic Analysis acknowledges the Hawai`i Orchid Growers Association's Comment that the Final Rule will "allow Taiwanese orchid producers to take control of the domestic market, resulting in a decreased market share and lower prices (and profit margins) for all U.S. orchid growers, not just *Phalaenopsis* orchid growers." AR 1510.

Members of the Hawai`i Orchid Growers Association have a particularized interest in the native Hawai`ian orchids. Thus members of the Hawai`i Orchid Growers Association have obtained a permit to enter the Hawai`i Volcanoes National Park and collect *Anoectochilus sandvicensis*. Efforts to propagate these native orchid plants have so far not been successful. Declaration of Bob

Accordingly, Defendants have failed to carry their burden, and their Motion to Strike must be denied. This Memorandum in Opposition to Defendants' Motion to Strike the Declaration of Dr. Arnold Hara is accompanied with a proposed Order as required by LCvR 7(c).

With aloha,

/s/ Cyrus E. Phillips, IV

---

Cyrus E. Phillips, IV
D.C. Bar Number 456500
June 29th, 2006

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone:     (202) 466-7008
Facsimile:     (202) 466-7009

Electronic Mail:     lawyer@procurement-lawyer.com

Attorney of record for Plaintiffs,
Hawai`i Orchid Growers Association.

---

Zeller, April 21st, 2006, at ¶¶ 3, 4.

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, June 29th, 2006 a true and complete copy of this Plaintiffs' Memorandum in Opposition to Defendants' Motion to Strike the Declaration of Dr. Arnold Hara was filed electronically via the Court's Electronic Case Filing System, through which notice of the filing will be sent to:

>Donna S. Fitzgerald, Esq.
>
>Electronic Mail:   donna.fitzgerald@usdoj.gov
>
>Attorney of record for Defendants,
>United States Department of Agriculture,
>*et al.*, and
>United States Department of the Interior, *et al.*
>
>/s/ Cyrus E. Phillips, IV
>_____
>Cyrus E. Phillips, IV