# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-5208**                                                  **September Term, 2006**

FILED ON:

HAWAI'I ORCHID GROWERS ASSOCIATION
APPELLANT

v.

MICHAEL JOHANNS, SECRETARY OF AGRICULTURE, ET AL.,
APPELLEES

FILED AUG 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED JUN 2 8 2007
CLERK

Appeal from the United States District Court
for the District of Columbia
(No. 05cv01182)

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 8/22/07
BY: _____, Deputy Clerk
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Before: RANDOLPH, TATEL and BROWN, *Circuit Judges*

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the order of the district court be affirmed.

This agency rulemaking case begins in 1994 and 1995, when Taiwan asked the Department of Agriculture's Animal and Plant Health Inspection Service ("APHIS") to loosen restrictions on the importation of Taiwan's *Phalaenopsis* orchids. *See* 7 U.S.C. § 7712 (a), (c) (assigning regulatory duties over plant importation to the Department of Agriculture). In 1998, APHIS responded by publishing in the Federal Register a proposed amendment to its importation regulations, permitting the orchids, which formerly could be imported only or almost only in bare-root form, to be imported in growing media. The notice-and-comment process began. A few years later, as section 7 of the Endangered Species Act requires, APHIS consulted with the Department of Interior's Fish and Wildlife Service to examine whether its amendment would jeopardize endangered or threatened species of plants or animals. 16 U.S.C. § 1536(a)(2). In 2004, after a long process of working with Fish and Wildlife on the one hand and fielding public comments on the other, APHIS published its final rule permitting the orchids to be imported in growing media.

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

A group of Hawaiian orchid growers ("Hawai'i Orchid") challenged the final rule in court. *Hawai'i Orchid Growers Ass'n v. Dep't of Agric.*, 436 F. Supp. 2d 45 (D.D.C. 2006) (granting summary judgment to government). Their chief claim is that the section 7 consultation process was flawed: APHIS prevailed on Fish and Wildlife to approve the rule, they say, despite grave risks to endangered and threatened species in Hawaii, only by "selectively fail[ing] to disclose . . . adverse scientific and commercial data" and otherwise misleading Fish and Wildlife. Appellant's Br. 38. This claim touches both on procedural aspects of section 7 consultation, 16 U.S.C. § 1536; 50 C.F.R. § 402.01 *et seq.*, and the substantive requirement that agencies engaged in the process "use the best scientific and commercial data available," 16 U.S.C. § 1536(a)(2); *see also Selkirk Conservation Alliance v. Forsgren*, 336 F.3d 944, 954–58 (9th Cir. 2003) (scrutinizing, albeit deferentially, the data underlying agencies' conclusions following section 7 consultation). In the reply brief, this argument changes form, becoming entangled with the idea that APHIS had a duty to supplement the administrative record it shared with Fish and Wildlife.

The facts don't support this argument. Hawai'i Orchid complains that APHIS did not give Fish and Wildlife public comments showing grave risk to Hawaii from plant pests hitchhiking overseas aboard Taiwanese *Phalaenopsis* orchids. But regardless of whether APHIS handed over the comments, the two agencies engaged the issue at great length, with apparent care, and on the basis of at least twenty years experience importing the orchids in bare-root form. We can find no indication that the public comments constituted "the best scientific and commercial data available," while the materials APHIS and Fish and Wildlife relied on did not. Hawai'i Orchid also complains of inconsistencies in the materials APHIS did give Fish and Wildlife, chiefly alleged inconsistencies in APHIS's treatment of thrips, a type of small insect pest associated with Taiwanese *Phalaenopsis* orchids. But from its first risk assessment in 1997 through its follow-up analyses in 2002 and 2003—all of which were disclosed to Fish and Wildlife—APHIS noted thrips' association with orchids, identified some species of thrips as "quarantine pests," found thrips unlikely to be included in commercial shipments of Taiwan's *Phalaenopsis* orchids, and concluded that mitigation procedures, such as inspections and properly constructed greenhouses, would combat the few that did make it across the sea.

Some aspects of APHIS's work are admittedly puzzling. We could wish for a clearer, steadier explanation for *why* thrips were found unlikely to be included in commercial shipments and *why* mitigation procedures were deemed effective against them. But as all parties agree, we review the agencies' decision—a prediction, in this case, about whether thrips might harm endangered and threatened species in Hawaii—according to the Administrative Procedure Act's deferential arbitrary and capricious standard, 5 U.S.C. §§ 702, 706, noting that when an agency is "making predictions, within its area of special expertise, at the frontiers of science . . . . as opposed to simple findings of fact, a reviewing court must generally be at its most deferential," *Baltimore Gas & Elec. v. NRDC*, 462 U.S. 87, 103 (1983). While courts applying an arbitrary and capricious standard demand meaningful explanation for agency action, as we have, "[w]e will . . . uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks and citation omitted). The burden of showing agency arbitrariness is, finally, appellant's, *Village of Bensenville v. FAA*, 457 F.3d 52, 70–71 (D.C. Cir. 2006), and Hawai'i Orchid has failed to make that showing.

      We have considered Hawai'i Orchid's other arguments and find them without merit. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

*Per Curiam*
**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/ Michael McGrail
Michael McGrail
Deputy Clerk